**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4403

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO MASIAS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00085-TSK-MJA-2)

Submitted:  October 13, 2022                        Decided:  October 17, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Edmund J. Rollo, EDMUND J. ROLLO, Morgantown, West Virginia, for Appellant.  Christopher Lee Bauer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Masias pled guilty, pursuant to a written plea agreement, to aiding and abetting an attempt to introduce narcotics into a prison, in violation of 18 U.S.C. §§ 2, 1791(a)(1), (b)(1). The district court sentenced Masias to 18 months' imprisonment without a term of supervised release, the recommended sentence in the plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). On appeal, Masias' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Masias' guilty plea is valid, whether Masias could be prosecuted under his statute of conviction, whether an allegedly dishonest grand jury witness undermined Masias' conviction, and whether Masias' sentence is reasonable. Although notified of his right to do so, Masias did not file a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Masias' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Masias knowingly and voluntarily waived his right to appeal. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including counsel's challenge to Masias' conviction based on the grand jury witness' testimony and to the reasonableness of Masias' sentence. The waiver provision, however, does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See United*

2

*States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  We therefore deny in part the Government's motion to dismiss.

Because Masias did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard).  Our review of the record leads us to conclude that Masias entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid.  *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Further, while Masias was an inmate, *see* 18 U.S.C. § 1791(a)(1), he was prosecuted as a principal for aiding and abetting the 18 U.S.C. § 1791(a)(1) offense.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Masias' valid appeal waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.  This court requires that counsel inform Masias, in writing, of the right to petition the Supreme Court of the United States for further review. If Masias requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Masias.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*